Andrew I. Silfen
George P. Angelich
Jordana L. Renert
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: andrew.silfen@arentfox.com
　　　　george.angelich@arentfox.com
　　　　jordana.renert@arentfox.com

*Counsel for 6060 Armor Road, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 19-76260 (AST)<br>Case No. 19-76263 (AST)<br>Case No. 19-76267 (AST)<br>Case No. 19-76268 (AST)<br>Case No. 19-76269 (AST)<br>Case No. 19-76270 (AST)<br>Case No. 19-76271 (AST)<br>Case No. 19-76272 (AST)<br><br>(Jointly Administered) |
| 6060 ARMOR ROAD, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC and ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ORCHARD PARK, LLC<br><br>　　　　　　　　　　Defendants. | Adversary Proceeding No. 19-08121 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924) (collectively, the "Debtors").

**DECLARATION OF GEORGE P. ANGELICH, PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1(A), IN SUPPORT OF AN ORDER TO SHOW CAUSE SCHEDULING HEARING ON SHORTENED NOTICE FOR PLAINTIFF'S APPLICATION FOR ENTRY OF ORDERS GRANTING A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ENJOINING DEFENDANTS FROM IMPLEMENTING UNAPPROVED PLAN OF CLOSURE PRIOR TO APPROVAL UNDER 11 U.S.C. § 363**

I, George P. Angelich, Esq. declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a partner at the law firm of Arent Fox LLP ("Arent Fox"), counsel for 6060 Armor Road, LLC ("Plaintiff"), which maintains offices for the practice of law at, among other locations, 1301 Avenue of the Americas, Floor 42 New York, New York 10019. I am admitted in, practicing in, and a member in good standing of the bar of the State of New York and admitted to the United States District Court for the Eastern District of New York. I have personal knowledge of the information contained herein, or have otherwise relied on sworn statements of others, as set forth herein.

2. I submit this declaration, pursuant to Rule 9077-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Bankruptcy Rules"), in support of Plaintiff's request, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that the Court shorten the notice period to consider the *Plaintiff's Application for the Entry of Orders Granting a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Implementing Unapproved Plan of Closure Prior to Approval Under 11 U.S.C. § 363* (the "Application"), which is filed contemporaneously herewith, and set a telephonic hearing on the Application for September 24, 2019 at 2:00 p.m. (the "Hearing Date"). A proposed Order to Show Cause is attached hereto as **Exhibit 1**.

3. Rule 9006-1(b) of the Local Bankruptcy Rules and Rule 9006(f) of the Bankruptcy Rules provide that the Scheduling Motion requires fourteen (14) days' notice of the hearing plus three (3) days for mailing. Rule 9006(c) of the Bankruptcy Rules authorizes the Court, for cause shown, to reduce the notice period. Plaintiff must proceed by Order to Show Cause to shorten the notice period and scheduling a hearing for expedited consideration of the relief sought in the Application.

4. On September 20, 2019, the Debtors filed the *Motion for Entry of Order Approving the Debtors' Plan of Closure for Orchard Park Facility* [Docket No. 51] (the "Closure Motion") which seeks Court approval to implement a plan of closure (the "Closure Plan") with respect to the skilled nursing facility located at 6060 Armor Road, Orchard Park, New York 14127 (the "Orchard Park Facility") operated by Debtor Absolut Center for Nursing and Rehabilitation at Orchard Park ("AOP").  The Closure Motion is scheduled for hearing on October 3, 2019 and the objection deadline is September 26, 2019.

5. The facts set forth in the Affidavit of Ira Smedra (the "Smedra Affidavit")[2], annexed to the Application, establish that the Debtors have begun implementing the relief sought in the Closure Motion prior to obtaining Court approval of the relief sought therein.  As set forth in the Smedra Affidavit, since entering bankruptcy, AOP and Absolut Facilities Management, LLC have discharged approximately 60-70 patients from the Orchard Park Facility and that discharge of patients is a continuing violation of AOP's covenant not to waste or permit the waste of Orchard Park. [Smedra Affidavit at ¶¶ 20, 22].  In fact, I learned today that only 40 patients remain at the AOP as of today, a tremendous decline from the 176 patients at AOP as of June 2019. [Smedra Affidavit at ¶¶ 8, 20].

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in Smedra Affidavit.

6. As more fully set forth in the Application, the harm to Plaintiff and the Debtors' other landlords will be irreparable because, should AOP continue to discharge patients in furtherance of the Closure Plan, the Court's consideration of the Closure Motion will be rendered moot. Furthermore, the Debtors have shown no indication whatsoever that they will be in a position to compensate Plaintiff or the other landlords for the diminished value of Orchard Park and the other facilities. [Smedra Affidavit at ¶ 32].

7. Prior to filing the Application, Plaintiff requested that the Debtors discontinue any steps or proceeding in any way to implement the Closure Plan with respect to the Orchard Park Facility prior to this Court's approval thereof in violation of 11 U.S.C. § 363. The Debtors ignored such requests, prompting Plaintiff to file the Application and request it be heard on shortened notice.

8. The Smedra Affidavit also states that it is a requirement under the Orchard Park Lease that AOP shall, among other things, "continue *to* be validly licensed and Medicare and Medicaid certified to operate a skilled nursing facility in accordance with the applicable rules and regulations . . . and shall remain so certified and shall remain such a holder in connection with its operation of the Leased Premises as a licensed and Medicare and Medicaid certified skilled nursing facility . . . ." [Smedra Affidavit at ¶ 10].

9. The Smedra Affidavit also avers that the Lease forbids AOP to "abandon, terminate, vacate or fail to renew any licenses, certifications, accreditation, certificates, approvals, permits, variances, waivers, provider agreements or any other authorization which relates to the operation of the . . . skilled nursing facility business . . . or in any way commit any act which will or may cause any such licenses, certifications, accreditation, certificates, approvals, permits, variances, waivers, provider agreements or other authorization to be revoked by any Governmental

Authority or accrediting body . . . ," and that AOP's licenses are collateral for its obligations to Armor Road, as reflected in duly filed UCC-1 statements covering those licenses. [Smedra Affidavit at ¶ 11].

10. Under the circumstances, Plaintiff respectfully submits that expedited consideration of the Application is necessary and appropriate.

11. As required by Local Bankruptcy Rule 9077-1(a), no previous application for similar relief has been made.

12. Accordingly, Plaintiff respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 1, granting Plaintiff's request to schedule a hearing, shorten the notice periods, and grant such relief as this Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Executed on the 23rd day of September, 2019.

*/s/George P. Angelich*
George P. Angelich