Andrew I. Silfen
George P. Angelich
Jordana L. Renert
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: andrew.silfen@arentfox.com
  george.angelich@arentfox.com
  jordana.renert@arentfox.com

*Counsel for 6060 Armor Road, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-76260 (AST)<br>Case No. 19-76263 (AST)<br>Case No. 19-76267 (AST)<br>Case No. 19-76268 (AST)<br>Case No. 19-76269 (AST)<br>Case No. 19-76270 (AST)<br>Case No. 19-76271 (AST)<br>Case No. 19-76272 (AST)<br><br>(Jointly Administered) |
| 6060 ARMOR ROAD, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC and ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ORCHARD PARK, LLC<br><br>Defendants. | Adversary Proceeding No. 19-08121 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924) (collectively, the "Debtors").

**PLAINTIFF'S REPLY TO DEFENDANTS' PRELIMINARY OBJECTION TO APPLICATION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER**

6060 Armor Road, LLC ("<u>Plaintiff</u>"), by and through its attorneys, Arent Fox LLP, submits this Reply in response to the Preliminary Objection of Defendants Absolut Facilities Management, LLC and Absolut Center for Nursing and Rehabilitation At Orchard Park, LLC (collectively, the "<u>Defendants</u>") to Plaintiff's Application for a temporary restraining order (the "<u>Application</u>").  The Defendants continue to cause ongoing and irreparable harm to the estate and numerous stakeholders in this bankruptcy case.  Without a temporary restraining order in the very near term, it will be too late to salvage the Orchard Park Facility.  Accordingly, Plaintiff requests that the Court enjoin the Defendants' reckless dissipation of estate assets immediately.

    **A.** **<u>Defendants' Procedural Objection Is Meritless</u>**.

At no point during the September 18th hearing did the Court limit Plaintiff to the procedure outlined in Defendants' Objection.  Rather, the Court stated that if Plaintiff wished to be heard on closure at the October 3rd hearing, Plaintiff was to file a motion in opposition to closure by September 20th.  In response, undersigned counsel stated that the Plaintiff reserved its right to seek more immediate relief in the event the circumstances warranted it.  The context of this colloquy was the Defendants' representation at the hearing that they anticipated the closing to take approximately **60 days**.  This statement has proved to be at best insincere and at worst calculated to lull the Court, Plaintiff, and other stakeholders into a false sense of security that the closure would be effectuated in an orderly fashion over the course of two months.

In fact, what occurred was a mad dash to move all of the patients out of the Orchard Park Facility in derogation of the rights of numerous stakeholders (most notably the patients themselves) over the course of **less than 2 weeks** and before this Court could hold a hearing of any kind.  On September 20th, Defendants advised that they would be filing a motion to approve

the closure of the Orchard Park Facility to be heard on October 3rd (the "Closure Motion"), thereby obviating the need for Plaintiff to file a separate motion opposing closure. The same day, undersigned counsel inquired whether the Defendants would agree to stay patient discharges pending approval of the Closure Motion. When the Defendants refused to stay the patient discharges, Plaintiff was forced to move for emergency relief in the form of a temporary restraining order to prevent the Defendants from rendering the October 3rd hearing moot.

Plaintiff's Rule 9077-1 Affidavit and other papers filed with the Court made a clear and compelling showing for emergency relief, supported by the Affidavit of Ira Smedra, that the failure to obtain a temporary restraining order would result in the loss of the Orchard Park Facility as a going concern before the Court would otherwise have the opportunity to hear arguments in the ordinary course on the Closure Motion. The concerns raised in the Application advised the Court of the markedly different posture of the Closure Plan than what had been represented on September 18th. There is no Court order or rule that requires the Plaintiff to sit idly by while the Defendants take action to undermine the hearing on the merits of their own motion. The Defendants' contentions to the contrary are meritless.

**B. Defendants Continue to Cause Irreparable Harm.**

Even after Plaintiff filed its Application for a temporary restraining order, the Defendants continue to discharge patients from the Orchard Park Facility at a frenzied pace and in violation of 11 U.S.C. § 363(b). The Closure Plan states that, as of August 15th, there were 180 patients at the Orchard Park Facility. The New York Department of Health did not approve the Closure Plan until September 11th, which was after the Debtors filed their Chapter 11 petitions. By Monday, September 23rd, there were approximately 40 patients remaining at the facility. As of today, Plaintiff understands there are approximately 20 patients remaining at the facility.

It is now evident that the Defendants intend to empty the facility of patients at any cost before a hearing can be held on Plaintiff's request for a temporary restraining order.  Within 48 hours of the final patient's discharge, the Defendants will be required to surrender their Operating Certificate to the New York Department of Health.[2]  As stated in the Application, such a surrender would likely eliminate any value to the estate of the Orchard Park Facility as a going-concern asset.

### C. The Defendants' Objection Is More of the Same Conjecture Without Evidence.

The Defendants provide no evidence in support of their Reply.  They attach no affidavits, declarations, or documentation of any kind.  Rather, they attach cases for the apparent proposition that because another debtor was permitted to reject a lease for (not close) a healthcare facility, the Defendants somehow possess the inherent right to *close* a facility before the Court has even held a hearing on their Closure Motion.  Plaintiff disputes the Defendants' ability to proceed with a closure plan and mass-discharge of patients without Court approval, stakeholder input, or any type of evidentiary presentation regarding financial need or the efforts taken to maximize value to the estate.

Moreover, the Defendants claim that they are unable to stop the process.  This argument, which (like several others) was not the basis of their Closure Motion, is simply untrue.  Although patients are free to leave the Orchard Park Facility in the ordinary course,[3] the Defendants can stop greasing the wheels to closure immediately and can instead take affirmative steps to mitigate the harm they have caused to date.  Accordingly, as part of the temporary restraining order, the Defendants should be ordered to immediately notify all patients that:

---

[2] https://www.health.ny.gov/professionals/nursing_home_administrator/docs/dal_nh_17-06_revised_nh_closure_guidelines_att.pdf, p. 5.

[3] Contrary to the Defendants' suggestion, at no point did Plaintiff claim that patients are property of the estate.

4

1. They are free to remain in place at the Orchard Park Facility;

2. That the Closure Plan and closure of the Orchard Park Facility is suspended; and

3. That they will be provided with further information on October 4, 2019 (after the October 3rd hearing).

## CONCLUSION

The Defendants are playing fast and loose with the bankruptcy process, and must be stopped. Plaintiff therefore requests the Court enjoin the Defendants' reckless dissipation of estate assets immediately.


Dated: New York, New York
September 25, 2019

                        ARENT FOX LLP

                        *Counsel for 6060 Armor Road, LLC*

                        By:   */s/ George P. Angelich*
                              Andrew I. Silfen
                              George P. Angelich
                              Jordana L. Renert
                              1301 Avenue of the Americas, Floor 42
                              New York, New York 10019
                              Telephone: (212) 484-3900
                              Facsimile: (212) 484-3990
                              Email: andrew.silfen@arentfox.com
                                        george.angelich@arentfox.com
                                        jordana.renert@arentfox.com